**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:<br><br>FLAMBEAUX GAS & ELECTRIC LIGHTS, L.L.C.<br><br>DEBTOR. | §§§§§§§ | CASE NO. 18-11979<br><br>SECTION "A"<br><br>CHAPTER 11 |

**AMENDED NOTICE OF DEPOSITION UNDER RULE 30(b)(6) AND 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO:  Flambeaux Sales and Consulting LLC
c/o Stephen Guept

Pursuant to Federal Rules of Civil Procedure 26, 30 and 34 (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7026, 7030, 7034, and 9014), Bevolo Gas & Electric Lights, LLC ("Bevolo"), by its counsel, will take the oral deposition of a Federal Rule of Civil Procedure 30(b)(6) witness or witnesses of Flambeaux Sales and Consulting LLC ("Flambeaux Sales"), by the person designated as most knowledgeable to testify on their behalf with respect to the topics identified in Exhibit B attached hereto.

The deposition will commence at **9:00 a.m. on June 13, 2019,** or such other time and date to which the Bevolo and the Debtor agrees, at the offices of Schonekas Evans McGoey & McEachin, LLC, 909 Poydras Street, Suite 1600, New Orleans, Louisiana, 70112, and continue from day to day until completed. The examination will be recorded by audio or stenographic, and may be recorded by video.

Pursuant to Federal Rules of Civil Procedure 34 (made applicable to this matter by Federal Rules of Bankruptcy Procedure 7034 and 9014), Bevolo propounds to the Debtor this Amended First Set of Requests for Production of Documents (the "Requests") attached hereto as

<u>Exhibit C</u>. Flambeaux is further directed to produce to Bevolo the Requests at the offices of Schonekas Evans McGoey & McEachin, LLC, c/o Joelle Flannigan Evans, 909 Poydras Street, Suite 1600, New Orleans, Louisiana, 70112 no later than **9:00 a.m.** (Central Time) on **June 12, 2019**.

| | |
|---|---|
| Dated: June 11, 2019<br>Houston, Texas | Respectfully submitted,<br><br>**FOLEY GARDERE**<br>**FOLEY & LARDNER, LLP**<br><br><u>*/s/ Sean T. Wilson*</u><br>Sean T. Wilson (admitted *pro hac vice*)<br>Texas Bar No. 24077962<br>Federal ID No. 2523816<br>Craig P. Dillard<br>Louisiana Bar No. 29150<br>1000 Louisiana, Suite 2000<br>Houston, Texas 77002-2099<br>713-276-5619 (*direct dial*)<br>713-276-6619 (*direct fax*)<br>cdillard@foley.com (*email*)<br>swilson@foley.com (*email*)<br><br>**Counsel for Bevolo Gas & Electric Lights, Inc.** |

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2019, a true and correct copy of this notice was served of (i) all parties registered to receive ECF notification in the above captioned case and (ii) by first class U.S.P.S. mail on all parties on the attached Mailing List.

>*/s/ Sean T. Wilson*
>Sean T. Wilson

## EXHIBIT A: DEFINITIONS

The following defined terms form an integral part of Bevolo's Notice of Deposition, and apply to each of the Deposition Topics set forth in Exhibit B, and the document requests (the "Requests" set forth on Exhibit C:

1. "Bevolo" means Bevolo Gas & Electric Lights, Inc.

2. "Calenti" means Calenti Enterprises, LLC.

3. "Communication" means all hardcopies and electronic copies of all oral and written communications of all kinds, including, but not limited to, e-mails, letters, text messages, tweets, telegrams, exchanges of written or recorded information, face-to-face meetings, telephone conversations, and documents that memorialize such meetings and conversations.

4. "concerning" and/or "relating to" means describing, discussing, constituting, containing, considering, embodying, evaluating, mentoring, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, derived or arising therefrom.

5. "Confirmation Hearing" means the confirmation hearing relating to the Debtor's plan.

6. "Dennis" means Dennis F. Calamusa, Jr.

1. "Disclosure Statement" means the Debtor's amended disclosure statement that was filed in Case No. 18-11979 in the Eastern District of Louisiana at docket no. 150, and any amendments to it.

7. "Debtor" means Flambeaux Gas & Electric Lights, LLC.

8. "Document" means "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure, including, but not limited to, any written, printed, handwritten, graphic matter of any kind, or other medium upon which intelligence or information can be recorded or retrieved, however created, produced or reproduced, and regardless of where located, including, but not limited to, any correspondence, inter-office and intra-office communications, emails, circulars, announcements, directories, declarations, affidavits, statements, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, research, checklists, opinions, summaries, instructions, specifications, notes, notebooks, scrapbooks, diaries, minutes, minutes of meetings, desk or pocket calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts, motion pictures, videos, recordings, publications, transcripts, sound recordings, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), and any other retrievable data

(whether encoded, taped, punched, or coded, either electrostatically, electromagnetically, on computer or otherwise), in your possession, custody, or control or known to you wherever located, however produced or reproduced, including any non-identical copy (whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing, or other material contained in that document or attached to that document, or otherwise), and whether a draft or a final version. "Document" shall include metadata and/or other identifying information for those documents generated and stored electronically, whether stored on an active hard drive or on archive tapes or disks, including electronic email. "Document" shall also include ESI and the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

      9.      "Flambeaux Sales" means Flambeaux Sales and Consulting, LLC.

      10.      "Financial Statement" includes, without limitation, records reflecting assets and liabilities; results of operations, including profit and loss; cash flow statements; and/or other statements summarizing or describing sources and applications of funds.

      11.      "Financial Institution" means any bank or other depository institution, within and outside the United States of America, including, but not limited to, banks, thrift or savings and loan organizations, and securities dealers maintaining deposit, checking, savings, "money market" and other accounts of time or demand deposits, and debt relationships.

      12.      "Financial Institution Records" means checks, vouchers, drafts, deposit slips and certificates, wire transfer receipts, credit and debit advises, passbook and savings certificates, statements of accounts, and bank statements.

      2.      "Liquidation Analysis" means the liquidation analysis that was filed in Case No. Case No. 18-11979 in the Eastern District of Louisiana at docket no. 150-3 as Exhibit D and any amendments to it.

      13.      "Petition Date" means July 31, 2018, the date the Debtor filed their chapter 11 petitions commencing the above styled case.

      14.      "Property" means the facility and property located at 1145 Oak Avenue, Westwego, Louisiana, where the Debtor operates out of.

      3.      "Plan" means the Debtor's chapter 11 plan that was filed in Case No. 18-11979 in the Eastern District of Louisiana at docket no. 149 and any amendments to it.

      15.      "Projections" mean the financial projections that were filed in Case No. 18-11979 in the Eastern District of Louisiana at docket no. 150-3 as Exhibit F and any amendments to it.

      16.      "Related Entity" means any entity that the Vincent J. Valenti, Jr. and Dennis F. Calamusa, Jr. has ever served or currently serves as an officer, director, general partner, managing partner, or manager, or in which the Vincent J. Valenti, Jr. and Dennis F. Calamusa,

Jr. does (or has) held an equity stake or interest, whether contingent or vested, and whether held directly or indirectly by another for Vincent J. Valenti, Jr.' and Dennis F. Calamusa, Jr.' benefit.

17. "<u>Vincent</u>" means Vincent J. Valenti, Jr.

18. "<u>you</u>" or "<u>your</u>" means the Flambeaux Sales.

## INSTRUCTIONS

1. Whenever necessary to bring Documents within the scope of these Requests that might otherwise be construed to be outside their scope:

> (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses;
>
> (b) the use of a word in its singular form shall be deemed to include within its use the plural form as well;
>
> (c) the use of a word in its plural form shall be deemed to include within its use the singular form as well;
>
> (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and
>
> (e) the terms "all" and "each" shall be construed as both all and each.

2. Each Request shall be deemed to be continuing in nature. If at any time additional Documents come into your possession, custody, or control or are brought to your attention, prompt supplementation of your response to these Requests is required.

3. You shall produce all Documents in the manner in which they are maintained in the usual course of your business or you shall organize and label the Documents to correspond with the categories in these Requests. A Request shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

4. If and to the extent Documents are maintained in a database or other electronic format, you shall produce along with the Document(s) software that will enable access to the

electronic Document(s) or database as you would access such electronic Document(s) or database in the ordinary course of your business.

5. Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each Document's custodian(s).

6. Documents attached to each other should not be separated.

7. Documents not otherwise responsive to these Requests shall be produced if such Documents mention, discuss, refer to, or explain the Documents which are called for by these Requests.

8. In producing Documents and other materials, you are requested to furnish all Documents or things in your possession, custody, or control, regardless of whether such Documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, accountants, or investigators; or by your attorneys or other professionals, or their agents, employees, representatives, or investigators.

9. If you object to any part of any Request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the Request to which you are not objecting.

10. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

11. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

## EXHIBIT B: RULE 30 DEPOSITION TOPICS

1. All matters regarding the acts, conduct, property, and liabilities of the Debtor, including, without limitation, such property and liabilities listed in its schedules and statement of financial affairs.

2. All matters relating to any transactions or transfers, including but not limited to, any transfers of assets, monies, equipment, or real property from the Debtor during the past three years from the Petition Date.

3. All of the documents requested and or produced pursuant to the *Request for Documents under Rule 34 of the Federal Rules of Civil Procedure*.

4. The Projections.

5. The Disclosure Statement.

6. The Plan.

7. Communications between you and the Debtor.

8. From the 6 months prior to the Petition Date to the date of the Confirmation Hearing, the purchase orders that Flambeaux Sales placed, the date that the Debtor fulfilled the purchase order, and the amount and date that Flambeaux Sales paid for the purchase order.

9. The Debtor's cost of goods sold during the bankruptcy, and before the bankruptcy.

10. The amount of products the Debtor has sold during the bankruptcy and the past 3 years prior to the Petition Date.

11. Your ability to pay the accounts receivables the Debtor claims you owe it.

12. The purchase orders you placed with the Debtor that you disputed at one point owing the Debtor.

# EXHIBIT C: REQUEST FOR PRODUCTION

1. All Communications between you and the Debtor regarding Bevolo from 6 months prior to the Petition Date to the Confirmation Hearing.

2. All Communications between Flambeaux Sales and the Debtor regarding the account receivables that Flambeaux Sales owes or owed the Debtor since the beginning of this bankruptcy case.

3. All Documents relating to the purchase orders that Flambeaux Sales has disputed.

4. All Documents relating to the Debtor's purchase orders it received during the bankruptcy case from you, including any purchase orders it plans on receiving between now and the date the Confirmation Hearing.

5. Any Financial Institution Records that you have from the Petition Date to the date of the Confirmation Hearing.

6. Any Financial Institution Records that shows your ability to pay the accounts receivables that the Debtor claims you owe it.